Peck J.
delivered the opinion of the court.
Upon the case agreed and presented by this record, we arc of opinion that the clerk is bound by the act of 1794, *193 ch. 1, sec. 26, to record the proceedings at length. The words ot the .act are unambiguous. “!< or the better preservation of the records of the court, when any cause is finally determined, the clerk of each court shall enter all •the proceedings therein in a hook well bound, and an entire and perfect record make thereof.” -The general terms used, are so broad as to cover all causes in any of the courts where the same have been finally determined.
It is supposed that the act of 1801, ch. 6, sec. 44, •has limited the terms of the act of 1794, and that the record to be made shall consist of bills, answers, pleas, demurrers, replications, issues of fact, verdicts therein and decrees. At the time these acts passed, the superior • court alone had jurisdiction of equity causes. The evidence was heard viva voce, and the decree pronounced. In that court, the enrolment specified in the act of 1801 could extend no further.
The record before us falls under the provisions of the act of 1794. The cause had been finally determined by the abatement, and judgment pronounced. Looking into the case agreed, it must be seen that the bill of exceptions is part of the record, and that the clerk could not perform his duty without making an enrolment of the whole. But the case itself is of a mixed character, partaking partly of proceedings at law and in equity. To fix the fees to be charged by the acts, the clerk is allowed at the rates given in chancery for the petition, answer, replication and decree, by the copy sheet. For the bill of exceptions, the taxation must conform to the rates in law proceedings, at the rate of ten cents for every copy sheet of one hundred words.
The clerk will examine the taxation, make it conform to this opinion, which, when reported, will be the basis for the judgment of this court.
Judgment affirmed.